**COLIN M. RUBICH**
**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov
         Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 19-25-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| DAVID BECKETT, | |
| Defendant. | |

## THE CHARGE

The defendant, David Beckett, is charged in the Superseding Information[1]

---

[1] The Defendant was initially charged by Information on March 4, 2019. (Doc. 9.) The defendant filed a motion to change plea to this Information. However, the government realized in error in the timeframe and location portion of the Information. Therefore, the government filed a Superseding Information

with two felony offenses: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II).

## PLEA AGREEMENT

The defendant, David Beckett, will enter a voluntary plea of guilty to both of the charges contained in the Superseding Information without benefit of a written plea agreement.  The motion for change of plea filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant.  *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of the charges contained in the Superseding Information, the government must prove each of the following elements beyond a reasonable doubt.  As to Count I, conspiracy to possess with intent to distribute methamphetamine:

First, there was an agreement between two or more persons to distribute methamphetamine;

---

correcting the timeframe and location language.  (Doc. 14.)  No additional changes were made in the Superseding Information.

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant agreed to possess or it was otherwise reasonably foreseeable to the defendant that the conspiracy would involve 50 grams or more of a substance containing a detectable amount of methamphetamine.

As to Count II, possession with intent to distribute methamphetamine,

First, the defendant knowingly possessed methamphetamine;

Second, the defendant possessed it with the intent to distribute it to another person;

Third, the defendant possessed with the intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine.

## PENALTY

Count I, conspiracy to possess with intent to distribute methamphetamine, and Count II, possession with intent to distribute methamphetamine, both carry a mandatory minimum five years to forty years imprisonment, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On February 20, 2019, law enforcement received information from a confidential informant (CI) about a package containing approximately a half-pound of methamphetamine shipped from California and set to be delivered to an address in Laurel, Montana on February 21, 2019.  The CI stated that David Beckett would then pick up the package from this location and distribute the methamphetamine in Billings and surrounding areas.  Beckett received a similar package of methamphetamine a few weeks earlier.  Law enforcement also became aware that one of Beckett's associates was recently arrested in California.

On February 21, 2019, law enforcement, through the assistance of the United States Postal Inspector, located the package described by the CI.  The receiving address in Laurel matched the address provided by the CI and the shipping address was a location in California.  A Billings Police Department K9 was dispatched and alerted to narcotics in the package.

During this same day, Beckett went to the United States Postal Service center in Laurel and told employees he was expecting a package.  He was told the package was not available.  Beckett returned a few hours later and again was told the package was not available.  On February 22, 2019, Beckett returned to the USPS, was told the package had not arrived, but provided law enforcement with his contact information and tracking number for the package.  The contact

information matched the information previously known to law enforcement and the tracking number matched the tracking number on the seized package.

A federal search warrant was obtained for the package. Inside the package was a baggie and crystal substance weighing approximately 114.4 grams. The substance was tested and tested positive for methamphetamine, a Schedule II controlled substance.

Law enforcement returned to the Laurel USPS and called Beckett to inform him that his package arrived. Less than ten minutes later, Beckett arrived and got out of the passenger side of a car. Beckett was arrested.

The United States would have presented this evidence through the testimony of law enforcement, lay witnesses and expert witnesses.

DATED this 7th day of March, 2019.

                                        KURT G. ALME
                                        United States Attorney

                                        */s/ Bryan T. Dake*
                                        BRYAN T. DAKE
                                        Assistant U.S. Attorney